**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| LINDA AHLMEYER, an individual;<br><br>    Plaintiff,<br><br>vs.<br><br>NEVADA SYSTEM OF HIGHER EDUCATION, a political subdivision of the State of Nevada, MIKE REED, an individual;<br><br>    Defendants. | 3:05-CV-0557-ECR-RAM<br><br><br>**ORDER** |

## I.  Procedural Background

On October 17, 2005, Plaintiff Linda Ahlmeyer ("Plaintiff" or "Ahlmeyer") filed a Complaint (#2) against Defendants Nevada System of Higher Education and Mike Reed ("NSHE", "Reed" or "Defendants") alleging illegal age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq., and violation of her First Amendment rights by Reed under 42 U.S.C. § 1983.  On November 23, 2005, Defendants filed a Motion for Partial Summary Judgment (#9) on the claim of age discrimination under the ADEA, stating that the ADEA provides no remedy against a State actor as Eleventh Amendment immunity bars the action.  Plaintiff filed a response and Motion for Leave to

Amend (#12/#15) on December 14, 2005.  Defendants replied to the response (#13) on December 27, 2005 and opposed the motion to amend (#14) on December 29, 2005.  Plaintiff filed a response to the opposition to the Motion for Leave to Amend (#16) on January 17, 2006.  The motions (#9/#15) are now ripe and we now rule on them.

For the reasons stated below, Defendants' Motion for Partial Summary Judgment will be granted and Plaintiff's Motion for Leave to Amend will be denied.

**II.  Statement of Facts**

Plaintiff was employed by the Nevada System of Higher Education under the supervision of Dean Mike Reed.  Plaintiff was ordered by Reed to hire Michelle Dowling as her assistant.  Dowling was twenty-five years old at the time.

Dowling was subsequently promoted to report to the Assistant Dean.  After this promotion of Dowling, Plaintiff claims that she was subjected to adverse employment action consisting of restriction in her job duties while previously she had not been subject to such restrictions.

Plaintiff claims that Dowling was allowed to take classes to complete her degree during work hours whereas Plaintiff was told she had to take classes during her lunch break.  Plaintiff claims Dowling was given an assistant whereas Plaintiff had repeatedly requested an assistant and was denied one.

Plaintiff has also been subject to poor performance reviews.  She has been written up four times and received a substandard evaluation.  These were the first substandard evaluations that she had received in the twenty-three years she had been working for the

2

Nevada System of Higher Education.  Plaintiff claims that her actions were subject to scrutiny whereas younger employees did similar things and were not written up.  Plaintiff was eventually replaced by a younger employee.

Plaintiff filed a complaint with the Nevada Equal Rights Commission (NERC) on July 19, 2004.  Plaintiff claims that she was retaliated against for this filing.

**II.  Discussion**

Defendants claim, in their Motion for Partial Summary Judgment, that the Supreme Court has held that the Eleventh Amendment bars actions under the ADEA against State actors and that because of this, Plaintiff's first cause of action (for illegal age discrimination under the ADEA) fails.

Plaintiff has not opposed the Motion for Partial Summary Judgment but has instead moved for this court to grant a leave to amend her Complaint to change the first cause of action from an action under the ADEA to an action under 42 U.S.C. § 1983 against Defendant Reed for violation of Plaintiff's Fourteenth Amendment Right to Equal Protection on the basis of age.

Defendants claim that Plaintiff is not entitled to leave to amend because the ADEA is the exclusive remedy for age discrimination and therefore there is no cause of action under the Fourteenth Amendment for age discrimination.

3

**A.   Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists. Northwest Motorcycle Ass'n v. U.S. Department of Agriculture, 18 F.3d 1468, 1471 (9th Cir. 1994). The court must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. Fed. R. Civ. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 116 S.Ct. 1261 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form-- namely, depositions, admissions, interrogatory answers, and affidavits--only evidence which might be admissible at trial may be

considered by a trial court in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c); <u>Beyene v. Coleman Security Services, Inc.</u>, 854 F.2d 1179, 1181 (9th Cir. 1988).

In deciding whether to grant summary judgment, a court must take three necessary steps: (1) it must determine whether a fact is material; (2) it must determine whether there exists a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) it must consider that evidence in light of the appropriate standard of proof. <u>Anderson</u>, 477 U.S. at 248. Summary Judgement is not proper if material factual issues exist for trial. <u>B.C. v. Plumas Unified Sch. Dist.</u>, 192 F.3d 1260, 1264 (9th Cir. 1999). "As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts should not be considered. <u>Id.</u> Where there is a complete failure of proof on an essential element of the nonmoving party's case, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law. <u>Celotex</u>, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole. <u>Id.</u>

**B.  Standard for Leave to Amend**

Fed. R. Civ. P. 15(a) provides that "leave to amend shall be freely given when justice so requires." The trial court has discretion as to when to grant leave to amend. Leave to amend need not be granted where such amendment would create undue prejudice to the opposing party, is sought in bad faith, constitutes an exercise

1 in futility, or creates undue delay.  Forman v. Davis, 371 U.S.
2 178, 182 (1962).

### B. ADEA Claims against a State

Defendants claim that Plaintiff's first cause of action, for illegal age discrimination in violation of ADEA, should be dismissed because the Supreme Court has ruled that states have Eleventh Amendment immunity from suits under the ADEA.

In Kimel v. Florida Bd. Of Regents, 528 U.S. 62 (2000), the Supreme Court held that although Congress had created a clear statement that it abrogated the state's sovereign immunity under the Eleventh Amendment, because Congress had no power under Section 5 of the Fourteenth Amendment to enact such a provision, states still had immunity from suit under the ADEA.  The Ninth Circuit has applied this holding to ADEA suits against state entities.  See Katz v. Regents of the Univ. of Cal., 229 F.3d 831, 833 (9th Cir. 2000); Arnett v. California Pub. Emples. Retirement Sys., 207 F.3d 565 (9th Cir. 2000).

Here, Plaintiff has not opposed the Motion for Partial Summary Judgment on the argument that the Eleventh Amendment bars her first cause of action for illegal age discrimination in violation of the ADEA.

We find Defendants' argument persuasive.  Plaintiff alleges that the NSHE and Reed were state actors,[1] and since the Supreme

---

[1] Defendant Reed is charged as a state actor as "his conduct is otherwise chargeable to the state" as has been alleged in Plaintiff's Complaint.  Luger v. Edmondson Oil Company, Inc., 457 U.S. 922, 937 (1982).

6

1 Court has ruled that the Eleventh Amendment bars ADEA suits against
2 the state, Defendants' Motion for Partial Summary Judgment will be
3 granted and Plaintiff's First Cause of Action will be dismissed.

**C.  Motion for Leave to Amend**

Plaintiff has moved to amend her Complaint to change her first cause of action for illegal age discrimination under the ADEA to illegal age discrimination under 42 U.S.C. § 1983 for a violation Fourteenth Amendment's right to Equal Protection on the basis of age.  Defendants oppose the motion for leave to amend, stating that such an amendment would be futile as there is no such cause of action because the ADEA is the exclusive remedy for age discrimination.

The Ninth Circuit has held that leave to amend can be denied solely on the basis of futility.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Here, we find that amendment of the first cause of action to a claim for illegal age discrimination under the Fourteenth Amendment's Equal Protection clause would be futile and would thus will deny Plaintiff's Motion for Leave to Amend.

As we held in Morgan v. Humboldt County School Dist., 623 F.Supp. 440, 443 (D. Nev. 1985), a "1983 action for the enforcement of a federal statutory right is unavailable where the governing statute provides an exclusive remedy for violations of its terms."

Morgan, 623 F.Supp. at 443 (internal citations omitted).[2]  Because the ADEA created an exclusive remedy scheme, we held that the ADEA preempts the entire field of age discrimination.  This includes actions brought under § 1983 for violation of Fourteenth Amendment Equal Protection rights.  Because the ADEA preempts an action based on 42 U.S.C. § 1983, no leave will be granted to amend the Complaint in the proposed fashion.  As we held in Morgan, "the ADEA has a specific statutory scheme, which would be thwarted if the Court were to allow a separate § 1983 action for the alleged age discrimination."  Morgan, 623 F. Supp. at 443.

Therefore, Plaintiff's motion for leave to amend will be denied.

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment on Plaintiff's first cause of action for illegal age discrimination in violation of the ADEA (#9) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend the First Cause of Action (#15) is **denied**.

This 16th day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[2]The Supreme Court in Kimel held that States may discriminate on the basis of age without offending the Federal Constitution's Fourteenth Amendment if the age classification is rationally related to a legitimate state interest.  Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 88 (2000).  Our holding does not prevent Plaintiff from filing a cause of action for violation of the Fourteenth Amendment against Defendants.

8